UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| TRINITY HOMES, LLC and BEAZER HOMES INVESTMENT CORP., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:04-cv-1920-JDT-WTL |
| REGENT INSURANCE COMPANY, OHIO CASUALTY INSURANCE COMPANY, ONE BEACON INSURANCE GROUP, ILLINOIS UNION INSURANCE COMPANY, and CINCINNATI INSURANCE COMPANY, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON RULE 42(b) MOTION TO BIFURCATE (DOCKET NO. 105)
AND REQUEST FOR ORAL ARGUMENT (DOCKET NO. 108)**[1]

Plaintiffs Trinity Homes, LLC and Beazer Homes Investments LLC sued various insurance carriers alleging breach of their duties under certain insurance policies to defend and indemnify the Plaintiffs. The Plaintiffs seek coverage under policies of insurance for several suits filed against them in Indiana state courts, and also seek damages for bad faith refusal to defend. Defendants Regent Insurance Company, Ohio Casualty Insurance Company, One Beacon Insurance Group and Illinois Union Insurance Company ("Illinois Union") (collectively, "Certain Insurers" or "Insurers"), move to bifurcate coverage issues from the issues of damages and bad faith for purposes of discovery and trial. Illinois Union requests oral argument.

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

Preliminarily, the court finds oral argument on Certain Insurer's Motion to Bifurcate unnecessary because it is able to make a well-informed decision based on the parties' briefing. Illinois Union's request for oral argument therefore is denied.

The Amended Complaint seeks (1) a declaration that certain Defendants are estopped from asserting any defenses to coverage under the insurance policies; (2) a declaration that the policies issued by all Defendants provide coverage for the damages claims made against the Plaintiffs in the state court litigation; (3) damages to compensate the Plaintiffs for all losses covered under the policies; and (4) damages for the alleged bad faith denial of coverage.

Federal Rule of Civil Procedure 42(b) authorizes the bifurcation of separate claims and issues for trial. Bifurcation between liability and damages is not uncommon. Bifurcation is allowed when it is "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy[.]" Fed. R. Civ. P. 42(b). The decision whether to bifurcate separate claims or issues is within the district court's sound discretion. *See McLaughlin v. State Farm Mut. Auto. Ins. Co.*, 30 F.3d 879, 861 (7th Cir. 1994) (concluding that the district court did not abuse its discretion in denying a motion to bifurcate).

Certain Insurers contend that the coverage issue should be decided before the bad faith and damages issues are addressed because coverage is a prerequisite to the allegations of bad faith and damages. They argue that bifurcation would promote judicial efficiency, save the parties from needless litigation costs and advance the

timeliness of this litigation. Certain Insurers also emphasize that they will suffer substantial prejudice if the court tries the bad faith issues with the coverage issues.

While it appears that it may be appropriate to bifurcate the trial in this matter so as to proceed with the bad faith issues only if there is a finding of liability against a Defendant, the savings of efficiency, costs and time for purposes of discovery and motions practice are not as substantial as Certain Insurers suggest. The court agrees that there may be a risk that the bad faith issues could affect the determinations of coverage issues if these matters are tried together. However, the court disagrees that Certain Insurers would be substantially prejudiced by having to engage in simultaneous discovery and motion practice on the coverage and bad faith issues.

Other courts have bifurcated coverage and damages/bad faith issues for purposes of discovery and motion practice. However, there is no presumption in favor of bifurcation. Instead, courts consider the appropriateness of bifurcation under the circumstances of the case presented. For example, *Newton v. Yates*, 353 N.E.2d 485 (Ind. Ct. App. 1976), upheld bifurcation of a punitive damages claim from a negligence claim, but in doing so the court noted that the plaintiff had made a belated assertion of the punitive damages claim. In *Durbin v. State Farm Mutual Automobile Insurance Company*, 2001 WL 1793734 (W.D. Ky. 2001), the court found that bifurcation was appropriate where the defendant insurer's liability depended on the plaintiff's entitlement to liquidated damages against the other driver. Certain Insurers cite *Ansert v. Adams*, 678 N.E.2d 839 (Ind. Ct. App. 1997) and *Ramirez v. American Family Mutual Insurance Company*, 652 N.E.2d 511 (Ind. Ct. App. 1995), but these decisions contain no

3

discussion about the appropriateness of the bifurcation of coverage issues from bad faith issues.

Courts, including the Court of Appeals for the Seventh Circuit, have recognized that there may be substantial overlap between the issues of coverage and bad faith. *See*, *e.g.*, *McLaughlin*, 30 F.3d at 871 (describing the overlap of evidence between the compensatory claim and punitive bad faith claim as "significant" and "substantial"); *Tharpe v. Ill. Nat'l Ins. Co.*, 199 F.R.D. 213, 215 (W.D. Ky. 2001) ("In this instance the court cannot fathom as a practical matter how the two issues [coverage and bad faith] can be separated for purposes of discovery and trial."). Certain Insurers fault the Plaintiffs for failing to offer concrete examples or evidence to support their assertions of substantial overlap in the evidence pertaining to coverage claims and bad faith claims. The Insurers, however, have not refuted the Plaintiffs' argument that many of the same witnesses will be deposed for both the coverage issues and damages/bad faith issues. And the Insurers are the ones seeking bifurcation, so they carry the burden of persuading the court that bifurcation is appropriate in this case. Moreover, the court recognizes that the overlap of evidence between the coverage issues and bad faith issues often is substantial in cases such as this.

Certain Insurers' claims of prejudice from having to engage in discovery and motions practice relating to damages/bad faith issues before the coverage issues are determined presumes that they will prevail on the coverage issues. While that is one possible outcome, they have offered nothing to show that it is more likely that they, rather than the Plaintiffs, will prevail. Thus, bifurcating the coverage issues from the

4

damages/bad faith issues for purposes of discovery and trial would be just as likely to prolong this litigation and create inefficiencies where they would not otherwise exist as it would be to promote convenience, efficiency and expediency. Certain Insurers argue that the Plaintiffs likely will seek copies of their claims files, which the Insurers contend are irrelevant to the coverage claims. If Certain Insurers anticipate prejudice from providing their claims files, they can seek a protective order. It may be that information in the claims files may be relevant and discoverable in connection with the coverage issues anyway.

The prejudice perceived by Certain Insurers appears to be overstated. First, Magistrate Judge Lawrence's Entry dated July 6, 2005 stayed discovery pending resolution of the pending summary judgment motions. The stay would seem to address at least for a time some of Certain Insurers' concerns about proceeding with discovery on the bad faith issues. Furthermore, Certain Insurers are free to move for summary judgment on the coverage issues at any time now. If such a motion results in a ruling in their favor, that could lessen or avoid some of the prejudice they perceive. Finally, as stated, in the court's view, coverage and bad faith issues are often inextricably intertwined such that bifurcation of discovery of these issues would serve little or no purpose and would not advance judicial or other economies.

For these reasons, Illinois Union's Request for Oral Argument (Docket No. 108) is **DENIED** and Certain Insurer's Rule 42(b) Motion to Bifurcate (Docket No. 105) is

**DENIED**.  The latter denial is without prejudice to requesting bifurcation for purposes of trial if this matter proceeds to trial.

ALL OF WHICH IS ENTERED this 20th day of March 2006.

_____
John Daniel Tinder, Judge
United States District Court

Copies to:

Magistrate Judge Lawrence

Steven M. Badger
McTurnan & Turner
sbadger@mtlitigation.com

Benjamin Brian Belcher
Iwan Cray Huber Horstman &
Vanausdal LLC
bbb@iwancray.com

Stephen Robert Bishop
Cozen O'Connor
sbishop@cozen.com

LaDonna L. Boeckman
Iwan Cray Huber Horstman &
Vanausdal LLC
llb@iwancray.com

Heather Lindamood Buchanan
Cozen O'Connor
hbuchanan@cozen.com

Martin Jacob Gardner
Gardner & Rans, PC
mgardner@gardnerandrans.com

Scott A. Harkness
Norris Choplin & Schroeder LLP
sharkness@ncs-law.com

James K. Horstman
Iwan Cray Huber Horstman &
Vanausdal LLC
jkh@iwancray.com

Michael D. Huber
Iwan Cray Huber Horstman & Van
Ausdal LLC
mdh@iwancray.com

Bruce L. Kamplain
Norris Choplin & Schroeder LLP
bkamplain@ncs-law.com

Lee B. McTurnan
McTurnan & Turner
lmcturnan@mtlitigation.com

Ranse Murphy Partin
King & Spalding LLP
rpartin@kslaw.com

Stephen J. Peters
Stewart & Irwin PC
speters@silegal.com

Julianna Marie Plawecki
McTurnan & Turner
jplawecki@mtlitig.com

Michael M. Raeber
King & Spalding, LLP
mraeber@kslaw.com

Kristy Marie Rans
Gardner & Rans
krans@gardnerandrans.com

Mark R. Smith
Smith Fisher Maas & Howard
msmith@smithfisher.com

Emily R. Sweet
King & Spalding
esweet@kslaw.com

Joshua Wall
Cozen O'Connor
jwall@cozen.com