UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| TRINITY HOMES, LLC,, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | CASE NO. 1:04-cv-01920-SEB-DML |
| OHIO CASUALTY INSURANCE COMPANY GROUP, et al., | ) |  |
| Defendants. | ) |  |

# Order on Motion to Strike Expert Reports

This matter came before the court on the motion (Dkt. 392) by plaintiffs Trinity Homes LLC and Beazer Homes Investments LLC (together, "Beazer") to strike two expert reports served by defendant Cincinnati Insurance Company ("CIC") later than CIC's expert disclosure deadline. CIC contends that the two reports are supplemental reports within the meaning of Fed. R. Civ. P. 26(e)(2) it was duty-bound to provide, and that even if they are not supplemental reports, CIC's late disclosure was substantially justified or is harmless. Having examined the facts in light of the applicable standards, the court DENIES the motion to strike.

## Background

### The Plaintiffs' Claims

This is an insurance coverage case. Beazer is a home builder that seeks coverage from CIC and defendant Ohio Casualty Insurance Company ("Ohio Casualty") for actions brought against Beazer for damages allegedly caused by faulty work performed by Beazer's subcontractors. Ohio Casualty issued one or more commercial general liability policies to Beazer, and CIC issued an umbrella policy. In September 2009, the court granted summary judgment to CIC and Ohio Casualty, ruling that, as a matter of law, the policies issued by them

did not provide coverage. Beazer appealed; in the meantime, the Indiana Supreme Court decided *Sheehan Constr. Co. v. Continental Casualty Co.,* 935 N.E.2d 160 (Ind. 2010), a case that materially changed the precedential landscape. As a result, the Seventh Circuit reversed the court's grant of judgment to CIC and Ohio Casualty, remanded for reconsideration in light of *Sheehan,* and left to this court other issues affecting coverage, including other exclusions or limitations in the insurance policies CIC and Ohio Casualty had raised as defenses to coverage. And because this court's earlier summary judgment ruling in favor of the insurers rendered the amount of coverage due moot, that issue also remains—if the insurers ultimately have some coverage liability.

**Expert Disclosure Deadlines**

Under the court's amended scheduling order (Dkt. 315), Beazer was required to disclose its experts and serve Fed. R. Civ. P. 26(a)(2)(B) expert reports no later than February 16, 2009, and the insurance defendants' expert disclosure deadline was April 15, 2009. Beazer met its February 16, 2009 deadline. CIC asked for another 30 days, until May 15, 2009, to disclose its experts and their reports, and the court granted that request. (Dkt. 340). On May 15, 2009, CIC made its disclosures and served reports for four experts—Messrs. Rick Keller, Lawrence Grauvogel, Donald Fozo, and Jim Groves. (*See* Ex. B to Dkt. 392). The expert reports were not used in connection with the parties' summary judgment briefing, which was essentially complete before Beazer's expert disclosures were made. The court's scheduling order gave the parties until June 15, 2009, to complete their expert discovery and any other discovery not related to dispositive motions (Dkt. 340), though that deadline was extended to September 15, 2009, while the parties attended to mediation in late June 2009. (Dkt. 353). When mediation failed to

achieve a settlement, the parties scheduled expert depositions, including depositions of CIC experts Rick Keller and Lawrence Grauvogel.

According to CIC, in June of 2009 (shortly after its expert disclosures had been made), CIC discussed with Mr. Keller and Mr. Grauvogel during preparation for mediation "various issues pertaining to the reasonableness" of Beazer's alleged damages, and later obtained from them supplements to their expert reports "to include [their] more detailed opinions . . . that were formulated as a result of CIC's preparation for mediation." (Dkt. 394 at p. 3). CIC provided Beazer with these "supplemental" reports for Mr. Keller and Mr. Grauvogel on July 30, 2009, about a month in advance of their depositions scheduled for August 25 and 26, 2009. CIC's cover letter to Beazer's counsel identified the reports as "expert supplemental reports," but otherwise provided no description of the contents of the reports or their relationship to Mr. Keller's and Mr. Grauvogel's original reports. Beazer pressed CIC to provide an explanation why the new reports were served after CIC's expert disclosure deadline, but CIC never responded (*see* Dkt. 393 at pp. 2-3), leading Beazer to file its motion to strike the supplemental reports by Mr. Keller and Mr. Grauvogel. The parties agreed to postpone the depositions of CIC's experts until the court ruled on the motion to strike. The briefing on Beazer's motion to strike was completed in early September 2009, a few weeks before the court granted summary judgment in favor of CIC and Ohio Casualty, which mooted Beazer's motion to strike.

After the Seventh Circuit's remand, the court addressed with the parties remaining pretrial preparation and the parties' briefing of any remaining summary judgment issues. The court ordered that discovery was closed except for depositions of certain fact witnesses by CIC and Beazer's depositions of CIC's expert witnesses. The court also reinstated Beazer's motion to strike the supplemental expert reports, which is no longer moot. (Dkt. 391).

3

## Analysis

### Governing Standards

Rule 37(c) addresses failures to provide information or identify witnesses as required under Rules 26(a) and (e), including expert witness disclosures. Rule 26(a)(2)(D) requires a party to disclose the identity of any expert witnesses and to provide their expert reports "at the times and in the sequence that the court orders." Rule 37(c)(1) states that a party is not allowed to use evidence or a witness that it failed to provide or disclose as required under Rule 26(a) or Rule 26(e) "unless the failure was substantially justified or is harmless." Rule 37(c)(1) also permits the court to choose a sanction other than exclusion of the evidence or witness. *See also Dura Automotive Systems of Indiana, Inc. v. CTS Corp.,* 285 F.3d 609, 615-16 (7th Cir. 2002) (court not *required* to strike late expert report even where party does not show that his late disclosure was justified or harmless).

The burden to show that late disclosure was substantially justified or is harmless is on the party that missed its deadline. *Finley v. Marathon Oil Co.,* 75 F.3d 1225, 1230 (7th Cir. 1996) (where party fails to timely make its expert disclosures as required under Rule 26, exclusion of expert testimony proper unless the party shows that its violation was either justified or harmless"); *see also Allgood v. General Motors Corp.,* 2007 WL 647496 at *6 (S.D. Ind. Feb. 2, 2007) (Rule 37(c) presumes that exclusion of late expert disclosures "is the appropriate remedy, unless the proponent can show that the failure was either justified or harmless") (citing *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir. 1998)). The Seventh Circuit has said that the district court's Rule 37(c)(1)'s sanctions determination should be guided by the following factors: (1) prejudice or surprise to the opposing party; (2) ability to cure the prejudice; (3)

4

likelihood of disruption to the trial; and (4) bad faith or willfulness involved in the party's failure timely to disclose his evidence. *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003).

**CIC's new reports are not "supplemental."**

CIC contends that its disclosure of Mr. Keller's and Mr. Grauvogel's supplemental reports was timely—not late at all—because the reports were "supplements" within the meaning of Rule 26(e) that CIC was *required* to provide. Though CIC recites the language of Rule 26(e), it does not inform the court how and why the reports are supplements and not simply reports of new expert opinions. CIC does not cite any authority defining supplemental disclosures under Rule 26(e), and it ignores all the decisions that have. CIC's response brief does not even inform the court about the nature of Mr. Keller's and Mr. Grauvogel's opinions expressed in their original reports or explain any relationship between those opinions and the ones expressed in the second reports. CIC suggests that the opinions in Mr. Keller's and Mr. Grauvogel's second reports are ones that CIC did not previously disclose to Beazer and in fact were formulated after the original reports were provided and when CIC was preparing for mediation in June 2009. (*See* Dkt. 394 at p. 3). Beazer's reply brief summarizes the opinions Mr. Keller and Mr. Grauvogel offered in their first reports as contrasted to the opinions in their second reports, and provides copies of the first and second reports. It is obvious—and CIC does not contest—that the second reports offer opinions about new matters not mentioned in the original reports but which are based on information and data available to CIC before its May 2009 expert disclosure deadline. *See, e.g.,* the statements of the scope of assignment in Mr. Grauvogel's original report (Dkt. 395; Ex. C) compared to the scope of assignment in his second report (Dkt. 395; Ex. D).

Even a cursory review of the published decisions addressing the Rule 26(e) duty to supplement expert reports should have demonstrated to CIC that its new reports from Mr. Keller and Mr. Grauvogel were not timely "supplements" to their first reports.

Although Rule 26(e) does not itself define the word "supplement" except in terms of requiring a timely supplement to fix a discovery response that is incorrect or incomplete in a material respect,[1] common sense suggests (and numerous decisions confirm) that an expert report that discloses new opinions is in no way a mere supplement to a prior report. *Barlow v. General Motors Corp.,* 595 F. Supp. 2d 929, 935-36 (S.D. Ind. 2009) (unreasonable for parties to read Rule 26(e)'s duty to supplement as permitting it to "spring late surprises on their opponents under the guise of a 'supplement' to earlier disclosures"); *In re Ready-Mixed Concrete Antitrust Litigation,* 261 F.R.D. 154, 159 (S.D. Ind. 2009) (internal quotations omitted) (Rule 26's supplemental disclosure obligation does not extend a party's original expert disclosure deadline and cannot be used to "sandbag one's opponent with claims and issues which should have been included" in the original expert report); *Welch v. Eli Lilly & Co.,* 2009 WL 700199 at *4 (S.D. Ind. March 16, 2009) (Rule 26(e) is not a license to disregard discovery deadlines and offer new expert opinions "under the guise of the supplement label"); *Allgood v. General Motors Corp.,* 2007 WL 647496 at *3 (S.D. Ind. Feb. 2, 2007) (baseless for party to claim that expert's second report was a supplement to the first one when the new report provided entirely new expert opinion on issues that have always been in the case).

---

[1] Rule 26(e) provides, in pertinent part: (1) "A party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect. . . . (2) For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. . . .

As courts have commented, if Rule 26(e) could be used as a vehicle for bolstering an inadequate or incomplete original report, expert reports could be continually expanded and refined without finality to the process. *See Allgood,* 2007 WL 647496 at *3-4 (S.D. Ind. Feb. 2, 2007) (quoting *Beller v. United States,* 22l F.R.D. 689, 695 (D.N.M. 2003)) (Rule 26(e) does not create opportunity for stream of reports providing preliminary analysis only to be later supplemented with new analysis, and on and on, with no finality to the process). That kind of practice would effect an end-run around the expert disclosure rules in the first instance that require an expert report to contain a "complete statement of all opinions" the expert will give, the basis and reasons for those opinions, the facts or data considered by the expert in forming the opinions, and the exhibits that will be used to summarize or support the opinions. *See* Rule 26(a)(2)(B); *Metavante Corp. v. Emigrant Savings Bank,* 619 F.3d 748, 762 (7th Cir. 2010) (purpose of expert reports is to provide substance of expert's opinion so that opponent can rebut, cross-examine, offer competing expert if necessary, and otherwise prepare intelligently for trial).

**CIC's failure to disclose the new opinions of its experts within the deadline was not substantially justified.**

CIC has relied on its contention that its new reports are "supplements" under Rule 26(e) and therefore timely; that contention, as explained above, is baseless. CIC also has offered no basis for the court to find that its failure to serve these disclosures by the deadline was substantially justified, nor could it. CIC had all of the factual information underlying the new opinions. It apparently just developed these new opinions in the course of preparing for mediation with its experts.

**Consideration of the "harmlessness" factor leads the court to conclude that the drastic sanction of striking the reports is not warranted here, but some sanction is warranted.**

Having determined that the new expert reports are not timely "supplements" and that CIC has not demonstrated that its failure to disclose them by the deadline was substantially justified, the court now turns to the last consideration that could excuse the late filing. CIC maintains in response to Beazer's motion to strike that CIC's failure to serve the disclosures sooner is harmless. CIC bears the burden of making that showing. *See Finley,* 75 F.3d at 1230 (7th Cir. 1996).

In determining whether an untimely disclosure is harmless under Fed. R. Civ. P. 37(c)(1), courts have considered a number of factors, including (1) prejudice to the opposing party, (2) whether that prejudice can be cured, (3) the importance of adherence to court-imposed deadlines and the likelihood of disruption to the resolution of the case, and (4) the good faith, or lack thereof, of the party who has made the late disclosure. *See, e.g., David v Caterpillar,* 324 F.3d at 857; *Hill v. Porter Memorial Hosp.,* 90 F.3d 220, 224 (7th Cir. 1996) (affirming district court's striking of late expert reports; "Adhering to established deadlines is essential if all parties are to have a fair opportunity to present their positions"). In addition, the court must weigh whether the drastic sanction of striking the late disclosure is warranted under the circumstances or whether a lesser sanction is more appropriate and commensurate with any perceived harm caused by the untimely report. *See Dura Automotive*, 285 F.3d at 615-16 (7th Cir. 2002) (citing *United States v. Johnson*, 228 F.3d 920, 926 (8th Cir. 2000)).

Beazer contends that it is prejudiced by the late second reports because having second reports means that its preparation for the depositions of Mr. Keller and Mr. Grauvogel is made more difficult and more time-consuming because it has more topics to address with second reports than it had without second reports. If that prejudice were enough, then late disclosures

8

could never be considered harmless. And Beazer would have had to prepare to address these new opinions even if the new opinions had been included in CIC's original disclosures. Moreover, new disclosures always mean something new to address and confront, but when there is time in the schedule to do so without disrupting the trial, the new disclosures may be considered harmless under Rule 37(c), or any prejudice may be considered cured, as discussed in *David v. Caterpillar,* 324 F.3d at 857 (7th Cir. 2003). The court finds that the prejudice to Beazer factor weighs in favor of permitting the reports.

That said, the court has the obligation and the right to enforce adherence to its case management plans to ensure the just, speedy, and inexpensive determination of the matters brought before it. *See* Fed. R. Civ. P. 1; *Raymond v. Ameritech Corp.,* 442 F.3d 600, 606 (7th Cir. 2006). The absence of a current trial setting does not render the late disclosures harmless. Missing expert disclosure deadlines tends to work particular havoc on case management. In this case, it has already caused the delay of expert depositions and the briefing of summary judgment.

In addition, the court finds that CIC's handling of the new expert reports falls short of the good faith mark. Its assertion that the new reports were merely "supplemental" was baseless, as it was not grounded in the facts or in the applicable law. Rather than insisting after the fact on a position it surely knew would not withstand scrutiny, CIC should have sought leave to serve the late disclosures, setting out the importance of the testimony to this case and attempting to show (as it could have) that serving the reports after the deadline would not prejudice Beazer. Indeed, it is not clear that Beazer would have opposed such a straightforward request.

In light of the factors discussed above, the court finds that some sanction is warranted for CIC's conduct in serving new expert reports without seeking leave to do so. Beazer urges the striking of the new reports, arguing that the sanction of striking is not too drastic because it

9

would not "cause CIC to lose" this case, in which, according to CIC, a $50 million claim is at issue.

But the new reports do address an issue of substantial monetary consequence; they assert that Beazer's claim (if there is coverage) is overstated by at least $10 million. The inability to contest by expert opinion $10 million in claimed damages is enough of a loss to be deemed drastic and *too* drastic given the relative harmlessness of the late disclosure to Beazer. *See Sherrod v. Lingle,* 223 F.3d 605, 612-13 (7th Cir. 2000) (finding that district court had abused discretion in striking late expert report when, among other things, the trial was a long way off and the opposing party had plenty of time to prepare for the expert's deposition); *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.,* 100 F.3d 1353, 1363 (7th Cir. 1996) (district court did not abuse discretion when it refused to exclude untimely supplemental expert report when party had time after receiving the new report to prepare for deposition of the expert).

The court's desire for cases to be decided on their merits and its recognition that striking these expert reports would be a drastic sanction (*see Dura Automotive,* 285 F.3d at 621 (Wood, J., dissenting)), convince the court under the facts presented here that striking the new reports would be a sanction disproportionate to the foul. The new reports were served two months past the deadline, a month in advance of the scheduled depositions of the experts, and the trial date had been vacated while the court ruled on dispositive motions (motions that CIC won at the district court level).

**Rule 37(c) permits the court, as an alternative to exclusion, to "order payment of the reasonable expenses, including attorney's fees, caused by" a party's late disclosure.**

In the court's view, CIC's conduct in serving late expert disclosures without seeking leave to do so and basing its action on the groundless assertion they were supplemental caused Beazer—justifiably—to seek relief from the court. Although the court has not awarded the remedy Beazer sought, it has vindicated Beazer's position on the merits. As a sanction, the court therefore awards Beazer its reasonable fees incurred in drafting the motion to strike, the brief in support, and its reply brief. Beazer shall submit a statement of those fees (with supporting documentation) to CIC within 14 days of this order. CIC shall, within 14 days thereafter, either pay those fees or file with the court an objection to Beazer's fee statement that demonstrates why the fees are unreasonable in whole, or in part. CIC shall bear the burden of proof on this issue. Beazer's response and any reply by CIC shall be filed according to Local Rule 7.1. The court expects the parties to use CIC's 14-day period to negotiate in good faith over any dispute about the amount of the fees in an effort to avoid the need for the court's intervention.

**Conclusion**

For the foregoing reasons, Beazer's motion (Dkt. 392) to strike the second expert reports of Mr. Keller and Mr. Grauvogel is DENIED. However, Beazer is awarded certain attorney fees as set forth in this order.

So ORDERED.

Date: 06/08/2011

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Martin Jacob Gardner
Gardner & Rans, PC
mgardner@gardnerandrans.com

Scott A. Harkness
NORRIS CHOPLIN & SCHROEDER LLP
sharkness@ncs-law.com

Justin C. Jeffries
KING & SPALDING, LLP
jjeffries@kslaw.com

Bruce L. Kamplain
NORRIS CHOPLIN & SCHROEDER LLP
bkamplain@ncs-law.com

Zachary A. McEntyre
KING & SPALDING, LLP
zmcentyre@kslaw.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

Michael M. Raeber
KING & SPALDING, LLP
mraeber@kslaw.com

Kristy Marie Rans
GARDNER & RANS
krans@gardnerandrans.com